# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 18-1966V
UNPUBLISHED

| | |
|---|---|
| KATHERINE P. CARTER,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: December 16, 2019<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Kyle Monroe Moore*, Law Office of Kyle M. Moore, LLC, Gainesville, GA, for petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON ENTITLEMENT[1]

On December 21, 2018, Katherine P. Carter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered an injury, described as adhesive capsulitis or frozen shoulder, which meets the Table definition for a shoulder injury related to vaccine administration ("SIRVA") after receiving the seasonal influenza vaccination on October 18, 2017. Petition at 1, ¶¶ 2, 12. Petitioner further alleges that she received the vaccination in the United States, that she suffered the residual effects of her SIRVA for at least six months, and that she has not filed a civil action or received compensation for her injury, alleged as vaccine caused. *Id.* at ¶¶ 2, 9-11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2

      On December 11, 2019, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case.  Respondent's Rule 4(c) Report at 1.  Specifically, Respondent "concluded that petitioner suffered a Table SIRVA."   *Id.* at 4.  Respondent further agrees that "based on the current record, petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.* at 5.

      **In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

                                    <u>s/Brian H. Corcoran</u>
                                    Brian H. Corcoran
                                    Chief Special Master