# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1966V
UNPUBLISHED

| | |
|---|---|
| KATHERINE P. CARTER,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: February 21, 2020<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Shoulder<br>Injury Related to Vaccine<br>Administration (SIRVA) |

*Kyle Monroe Moore*, Law Office of Kyle M. Moore, LLC, Gainesville, GA, for petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

On December 21, 2018, Katherine P. Carter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered an injury, described as adhesive capsulitis or frozen shoulder, which meets the Table definition for a shoulder injury related to vaccine administration ("SIRVA") after receiving the seasonal influenza vaccination on October 18, 2017. Petition at 1, ¶¶ 2, 12. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 16, 2019, a ruling on entitlement was issued, finding Petitioner entitled to compensation for her SIRVA. On February 21, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $95,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $95,000.00 in the form of a check payable to Petitioner.**  This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

             **s/Brian H. Corcoran**
             Brian H. Corcoran
             Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KATHERINE P. CARTER, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> SECRETARY OF ) <br> HEALTH AND HUMAN SERVICES, ) <br> ) <br> Respondent. ) <br> ) | No. 18-1966V <br> Chief Special Master Brian Corcoran |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On December 11, 2019, respondent filed a Vaccine Rule 4(c) report concluding that petitioner suffered a Shoulder Injury Related to Vaccine Administration within the Table timeframe following an influenza vaccination, and conceding petitioner's entitlement to compensation under the National Childhood Vaccine Injury Act of 1986, as amended, 42 U.S.C. §§300aa-10 to -34. Accordingly, on December 16, 2019, the Chief Special Master issued a Ruling on Entitlement.

**I.     Items of Compensation**

Respondent proffers that petitioner should be awarded $95,000.00. This amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.  Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$95,000.00** in the form of a check payable to petitioner.[1]  This lump sum payment represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

s/ LARA A. ENGLUND
LARA A. ENGLUND
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146 Benjamin Franklin Station
Washington D.C. 20044-0146
Tel: (202) 307-3013
E-mail:  lara.a.englund@usdoj.gov

Dated:  February 20, 2020

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.