# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1966V
(not to be published)

| | |
|---|---|
| KATHERINE P. CARTER,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 4, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Kyle Monroe Moore*, The Law Office of Kyle M. Moore, LLC, Gainesville, GA, for Petitioner.

*Lara Ann Englund*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On December 21, 2018, Katherine P. Carter filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered an injury, described as adhesive capsulitis or frozen shoulder, which meets the Table definition for a shoulder injury related to vaccine administration ("SIRVA") after receiving the seasonal influenza vaccination on

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

October 18, 2017.  (Petition at 1, ¶¶ 2, 12). On February 21, 2020,  a decision was issued awarding compensation to Petitioner based on the Respondent's proffer. (ECF No. 23).

Petitioner filed a motion for attorney's fees and costs on March 23, 2020 (ECF No. 27), requesting a total amount of $16,148.25.[3] In accordance with General Order #9, Petitioner has also filed a signed statement indicating that Petitioner incurred no out-of-pocket expenses. (*Id.* at 11). Respondent reacted to the motion on March 23, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 28). On April 23, 2020, I ordered Petitioner to file supporting documentation in her request for costs. (ECF No. 30). In response, Petitioner filed a second motion for attorney's fees, reducing the total amount requested to $15,335.32, and providing the documentation requested in my order. (ECF No. 31).[4]

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] Mr. Moore did not include the separate amount of fees or costs, only a total amount requested. (ECF No. 27 at 10).

[4] As in the original motion for attorney fees and costs, however, Petitioner again failed to separate out fees from costs. The rationale for the reduction in total amount demanded was also not included in the second motion.

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

## ATTORNEY'S FEES

### A. Hourly Rates

Petitioner requests the rate of $250 per hour for his attorney Kyle M. Moore for alltime billed between 2017 - 2020. (ECF No. 27 at 3). Mr. Moore's has been a licensed attorney since 2013, placing him in the range of attorneys with 4-7 years' experience on the OSM Attorney Hourly Rate Schedule.[5] Mr. Moore was previously awarded the rate of $175 per hour for time billed through 2016. *See Petterson v. Sec'y of Health & Human Servs.,* No. 15-960V, 2016 WL 1243, (Fed. Cl. Spec. Mstr. March 8, 2016). Although his requested rate is a significant hourly increase from his previously awarded rate, it is a reasonable request and within his appropriate experience range, and I therefore find no need to reduce or adjust the requested rate. Accordingly, based on my experience and the relevant factors,[6] I award the increased rate requested.

### B. Paralegal Tasks at Attorney Rates

Mr. Moore billed his full attorney rate for multiple entries on tasks that are considered primarily paralegal. Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at

---

[5] The Attorneys' Fee Schedule for 2020 is available at http://www.uscfc.uscourts.gov/node/2914.

[6] *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). *McCulloch* provides that the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and of the community at large.

*20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Examples of these include:

- November 20, 2017 (2 hrs) "Medical records requests drafted and sent via USPS for multiple medical providers";

- June 27, 2018 (2 hrs) "Draft and send via USPS updated medical records requests for multiple medical providers";

- November 28, 2018 (4 hrs) "Review and organize all medical records for preparation to file with USCFC. Reviewed all pages for completeness."; and

- November 26, 2019 (1.50 hrs) "Review and revise petitioner affidavit prior to submission to court. File affidavit with the court. Dra(f)t and submit statement of completion. Review and submit additional medical records to the court."

(ECF No. 31 at 3, 5, and 7).

I hereby reduce Mr. Moore's rate to the reduced rate of $145 per hour for tasks considered paralegal. This reduces the amount of attorney fees to be awarded in the amount of **$1,102.50**.[7]

### C. Travel Time

Mr. Moore billed three hours of travel time to meet with Petitioner on both November 14, 2017, and May 2, 2018, for a total of six hours. (ECF No. 31 at 3 and 4). In the Vaccine Program, however, special masters traditionally have compensated for time spent traveling when no other work was being performed at one-half an attorney's hourly rate. *See Hocraffer v. Sec'y of Health & Human Servs.*, No. 99-533V, 2011 WL 3705153, at *24 (Fed. Cl. Spec. Mstr. July 25, 2011); *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *21 (Fed. Cl. Spec. Mstr. Jul. 27, 2009); *English v. Sec'y of Health & Human Servs.*, No. 01-61V, 2006 WL 3419805, at *12-13 (Fed. Cl. Spec. Mstr. Nov. 9, 2006). Special masters should not use this rule as standard practice but rather "[e]ach case should be assessed on its own merits." *Gruber v. Sec'y of Health & Human Servs.*, 91 Fed. Cl. 773, 791 (2010). "Even an automatic 50%

---

[7] This amount consists of $250 - $145 = $105 x 10.5 hours = $1,102.50.

award may be too high for an undocumented claim, given the possibility that an attorney may use the travel time to work on another matter or not to work at all while traveling." *Id.* Given that it appears that Mr. Moore drove to these meeting with Petitioner, additional work on the case could not have been performed during his travel. I therefore reduce the hours billed for travel by 50 percent, reducing the attorney fees to be awarded by **$750.00**.[8]

## ATTORNEY COSTS

Petitioner requests $1,610.32 in overall costs. (ECF No. 31 at 10 – 21). This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. I have reviewed the requested costs and find them to be reasonable and award requested amount in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$13,482.82** (representing $11,872.50 in attorney's fees and $1,610.32 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[9]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[8] This amount consists of $250 x 6 hrs = $1,500 x .50 = $750.00.

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.